IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION_____/This Order Relates to:*Interbond Corporation of America v. AU Optronics Corporation, et al.,* C 11-3763 SI*Jaco Electronics, Inc. v. AU Optronics Corporation, et al.,* C 11-2495 SI*Office Depot, Inc. v. AU Optronics Corporation, et al.,* C 11-2225 SI*P.C. Richard & Son Long Island Corporation, et al. v. AU Optronics Corporation, et al.,* C 11-4119 SI*T-Mobile U.S.A., Inc. v. AU Optronics Corporation, et al.,* C 11-2591 SI_____/ | No. M 07-1827 SIMDL. No. 1827Case Nos.: C 11-3763 SI; C 11-2495 SI; C 11-2225 SI; C 11-4119 SI; C 11-2591 SI**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS LG DISPLAY AMERICA, INC. AND LG DISPLAY CO., LTD'S COUNTERCLAIMS AND STRIKE THEIR DEFENSES RE DUPLICATIVE RECOVERY** |

Now before the Court is a motion by various direct action plaintiffs to dismiss the counterclaims of defendants LG Display America, Inc. and LG Display Co., Ltd. (collectively, "LG") and to strike LG's defenses concerning duplicative recovery. Pursuant to Civil Local Rule 7-1(b), the Court found this matter suitable for disposition without oral argument. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS plaintiffs' motion.

Plaintiffs seek to dismiss the counterclaims that LG has asserted to avoid so-called "duplicative recovery" and to strike LG's defenses regarding the same. Motion at 1. In response, LG raises arguments very similar to those made in Defendants' Motion Regarding Trial Structure and For Relief to Avoid Duplicative Damages, Master Docket No. 5258, and LG's Motion for Leave to Amend, Master

Docket No. 5795.  As the Court has held twice before, LG has not provided a legal basis for its "violation of laws of duplicative recovery" defense or for its related counterclaims.  *See* Order Regarding Trial Structure, Master Docket No. 5518 (April 20, 2012); Order Denying LG Display America, Inc. and LG Display Co., Ltd.'s Motion for Leave to Amend, Master Docket No. 5795 (May 25, 2012); *see also In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1143, 1156 (N.D. Cal. 2009) ("Duplicative recovery is, in many if not all cases alleging a nationwide conspiracy with both direct and indirect purchaser classes, a necessary consequence that flows from indirect purchaser recovery.") (quoting *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d. 1072, 1089 (N.D. Cal. 2007)).  The Court finds no reason to depart from its previous rulings.

Accordingly, the Court GRANTS plaintiffs' motion.  Master Docket No. 6227; Docket No. 124 in C 11-3763 SI; Docket No. 137 in C 11-2495 SI; Docket No. 149 in C 11-2225 SI; Docket No. 137 in C 11-4119 SI; and Docket No. 139 in C 11-2591 SI.

**IT IS SO ORDERED.**

Dated: September 22, 2012

SUSAN ILLSTON
United States District Judge